IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE and JANE DOE | Civil Action No.:  2:10-cv-05192-JP |
| v. | *Jury Trial Demanded* |
| UNITED BEHAVIORAL HEALTH | |

**ORDER**

      AND NOW, this           day of                      , 2010, upon consideration of Plaintiffs' Motion for Protective Order and Leave to Proceed in Pseudonym, and any Response thereto, it is hereby ORDERED and DECREED that said motion is GRANTED as follows:

      (1) Plaintiffs shall proceed in pseudonym and the docket shall continue to reflect plaintiffs' names as John Doe and Jane Doe;

      (2) Plaintiffs shall be referred to by their pseudonyms in all depositions, pleadings and other documents related to this litigation and in all proceedings held before this Court;

      (3) Plaintiffs' identity shall be available to the attorneys of record and in-house counsel for the defendant, who shall not disclose or permit disclosure thereof, except to their law partners, associates and persons employed in the law offices of such attorneys, the employees of defendant who have knowledge of the facts alleged in the Complaint, outside consulting experts and their employees, a person whose deposition is to be taken in this action, but only to the extent necessary for the deposition, and any person who potentially possesses information that is relevant to plaintiffs' claims or defendant's defense;

      (4) Each person to whom Plaintiffs' identity  is disclosed pursuant to this Order shall agree in advance that he or she will not disclose Plaintiffs' identity to any other person;

(5) In the event defendant believes it is necessary in the defense of the claims herein for it to disclose Plaintiffs' identity to persons other than those specified in this Order, defendant shall communicate with plaintiffs' counsel and if agreement cannot be reached in writing, the matter shall be determined by the Court.

BY THE COURT:

_____

J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE and JANE DOE | Civil Action No.:  2:10-cv-05192-JP |
| v. | *Jury Trial Demanded* |
| UNITED BEHAVIORAL HEALTH | |

**PLAINTIFFS' MOTION FOR PROTECTIVE ORDER AND
LEAVE TO PROCEED IN PSEUDONYM**

1. John Doe and his daughter, Jane Doe, bring this bad faith action against United Behavioral Health for denial of benefits for Jane Doe's in-patient mental health treatment and in-patient substance abuse treatment.

2. Jane Doe has received extensive mental health and substance abuse treatment over the past three years, and continues to receive treatment for her mental illnesses, which include Major Depressive Disorder, Generalized Anxiety Disorder, Obsessive Compulsive Disorder and Borderline Personality Disorder.

3. On May 28, 2008, Jane Doe was admitted to the Austen Riggs Center, where she remained until December 5, 2008, for in-patient treatment of her mental illnesses. Following a 30 day admission for substance abuse treatment at the Caron Foundation from December 7, 2008 to January 6, 2009, Jane Doe was readmitted to the Austen Riggs Center for further mental health treatment from January 13, 2009, to July 27, 2010.

4. United Behavioral Health refused to provide benefit coverage for care provided to Jane Doe at the Austen Riggs Center on and after June 12, 2008, and for care provided to Jane Doe by the Caron Foundation after December 7, 2008, forcing John Doe to pay hundreds of thousands of dollars for his daughter's treatment, and causing Jane Doe to suffer additional stress and anxiety.

5. Jane Doe is now a student at a university in Philadelphia and has not revealed her history of mental illness to anyone other than her family, closest friends and medical providers. Jane Doe fears that professors and other students would treat her differently and unfavorably if they knew the details of her mental illness.

6. Jane Doe also fears that disclosure of her history of mental illness will affect her in the future, and that the stigma associated with her mental illness, if disclosed in this litigation, will negatively influence her ability to enter the workforce.

7. Because disclosure of her identity and history of mental illness would cause additional anxiety and stress and would aggravate her illness, Jane Doe has decided that she will not pursue this litigation unless she and her father are permitted to proceed in pseudonym.

8. The public has a substantial interest in ensuring that cases like Plaintiffs' are adjudicated and that the rights of mental illness sufferers are represented fairly and without the risk of stigmatization. This goal cannot be achieved if litigants suffering from mental illness are deterred from filing suit by fear of repercussions that would result if their condition were to be made public.

9. Allowing Plaintiff to proceed under a pseudonym will not interfere with the public's right to follow the proceedings, which will still be open to the public while maintaining the confidentiality of Plaintiffs' identity.

10. Plaintiffs have no illegal or ulterior motive in keeping their identity confidential, but merely seek to protect Jane Doe's reputation and to avoid aggravation of her medical condition. Neither plaintiff is a public figure.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter the proposed order granting the following relief: (1) Plaintiffs shall proceed in pseudonym and the docket shall continue to reflect plaintiffs' names as John Doe and Jane Doe; (2) Plaintiffs shall be referred to by

their pseudonyms in all depositions, pleadings and other documents related to this litigation and in all proceedings held before this Court; (3) Plaintiffs' identity shall be available to the attorneys of record and in-house counsel for the defendant, who shall not disclose or permit disclosure thereof, except to their law partners, associates and persons employed in the law offices of such attorneys, the employees of defendant who have knowledge of the facts alleged in the Complaint, outside consulting experts and their employees, a person whose deposition is to be taken in this action, but only to the extent necessary for the deposition, and any person who potentially possesses information that is relevant to plaintiffs' claims or defendant's defense; (4) Each person to whom Plaintiffs' identity is disclosed pursuant to this Order shall agree in advance that he or she will not disclose Plaintiffs' identity to any other person; (5) In the event defendant believes it is necessary in the defense of the claims herein for it to disclose Plaintiffs' identity to persons other than those specified in this Order, defendant shall communicate with plaintiffs' counsel and if agreement cannot be reached in writing, the matter shall be determined by the Court.

**FELDMAN, SHEPHERD, WOHLGELERNTER, TANNER, WEINSTOCK & DODIG**

/s/ Peter M. Newman
MARK W. TANNER (Attorney ID 58738)
PETER M. NEWMAN (Attorney ID 66426)
1845 Walnut Street, 25th Floor
Philadelphia, PA 19103
215-567-8300
mtanner@feldmanshepherd.com
pnewman@feldmanshepherd.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE and JANE DOE | Civil Action No.: 2:10-cv-05192-JP |
| v. | *Jury Trial Demanded* |
| UNITED BEHAVIORAL HEALTH | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR PROTECTIVE ORDER AND
<u>LEAVE TO PROCEED IN PSEUDONYM</u>**

I.   STATEMENT OF FACTS

Plaintiff, John Doe and his daughter, Jane Doe, bring this bad faith action against United Behavioral Health for denial of benefits for Jane Doe's in-patient mental health treatment and in-patient substance abuse treatment. Jane Doe has received extensive mental health and substance abuse treatment over the past three years, and continues to receive treatment for her mental illnesses, which include Major Depressive Disorder, Generalized Anxiety Disorder, Obsessive Compulsive Disorder and Borderline Personality Disorder. On May 28, 2008, Jane Doe was admitted to the Austen Riggs Center, where she remained until December 5, 2008, for in-patient treatment of her mental illnesses. Following a 30 day admission for substance abuse treatment at the Caron Foundation from December 7, 2008 to January 6, 2009, Jane Doe was readmitted to the Austen Riggs Center for further mental health treatment from January 13, 2009 to July 27, 2010. United Behavioral Health refused to provide benefit coverage for care provided to Jane Doe at the Austen Riggs Center on and after June 12, 2008, and for care provided to Jane Doe by the Caron Foundation after December 7, 2008, forcing John Doe to pay hundreds of thousands of dollars for his daughter's treatment, and causing Jane Doe to suffer additional stress and anxiety.

Jane Doe is now a student at a university in Philadelphia and has not revealed her history of mental illness to anyone other than her family, closest friends and medical providers. Jane Doe fears that professors and other students would treat her differently and unfavorably if they knew the details of her mental illness. Jane Doe also fears that disclosure of her history of mental illness will affect her in the future, and that the stigma associated with her mental illness, if disclosed in this litigation, will negatively influence her ability to enter the workforce. Because disclosure of her identity and history of mental illness would cause additional anxiety and stress and would aggravate her illness, Jane Doe has decided that she will not pursue this litigation unless she and her father are permitted to proceed in pseudonym.

II.   STATEMENT OF QUESTION PRESENTED

Should Plaintiffs be permitted to proceed in pseudonym where the claims presented arise from Plaintiff Jane Doe's treatment for mental illnesses and substance abuse and where Jane Doe fears that she will be stigmatized in the community by disclosure of her identity and history of psychiatric problems?

Suggested Answer: Yes.

III.   LEGAL ARGUMENT

The overwhelming majority of courts to consider a request for leave to proceed anonymously have granted such requests, particularly where the case involves the mental health of the requesting party. *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464 (E.D.Pa. 1997) citing *Coe v. United States Dist. Court for Dist. Colo.,* 676 F.2d 411, 414 (10th Cir.1982). See also *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545 (D.N.J. 2006); *Doe v. Colautti*, 592 F.2d 704, 705 (3d

Cir.1979); *Doe v. Blue Cross & Blue Shield United of Wis.,* 112 F.3d 869, 872 (7th Cir.1997); *Doe v. Harris,* 495 F.Supp. 1161 (S.D.N.Y.1980); *Doe v. Gallinot,* 486 F.Supp. 983 (C.D.Cal.1979); *Doe v. New York Univ.,* 442 F.Supp. 522 (S.D.N.Y.1978).

The Eastern District of Pennsylvania follows the "balancing of factors" test articulated by Judge Newcomer in *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464 (E.D.Pa. 1997). Factors weighing in favor of pseudonymity include: (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to her refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives. *Id.* at 467-68. Factors weighing against pseudonymity include: (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of the litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated. *Id.* at 468.

Applying the aforementioned factors to the facts of the case *sub judice*, it is apparent that Plaintiffs' interest in remaining anonymous substantially outweighs the public's interest in discovering Plaintiffs' identity. First, Jane Doe has kept her history of mental illness confidential from all but her closest friends, family and treating physicians. Second, Jane Doe is a student in a Philadelphia university and fears that she will be treated differently and unfavorably by professors

and students at the university if her extensive history of mental illness is made public. Jane Doe also fears that her history of mental illness, if disclosed, will adversely affect her ability to enter the workforce upon graduation from college. This Court has specifically recognized that "in our society, there is a significant stigma associated with being identified as suffering from a mental illness." *Doe v. Provident Life & Accident Ins. Co.*, supra at 468.  Third, there is substantial public interest in maintaining Plaintiff's anonymity, not only to prevent the stigmatization of litigants with mental illness but also to avoid deterring people with mental illnesses from suing to vindicate their rights. As the District of New Jersey recently held:

> [T]here is substantial public interest in ensuring that cases like the Plaintiff's are adjudicated and the rights of mental illness sufferers are represented fairly and without the risk of stigmatization. However, this goal can not be achieved if litigants suffering from mental illness are chilled from ever reaching the courthouse steps for fear of repercussions that would ensue if their condition was made public.

*Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545 (D.N.J. 2006).

Jane Doe has specifically advised undersigned counsel that she does not wish to pursue this litigation unless her identity is protected by anonymity. Jane Doe should have access to this Court without fear of repercussions.

Fourth, the public has very little, if any, interest in knowing the identity of John and Jane Doe and Plaintiffs' use of a pseudonym will not interfere with the public's right and ability to follow the proceedings. Fifth, Plaintiffs have no ulterior motive for their request. Anonymity does not provide Plaintiffs with any tactical advantage, does not impair defendant's ability to defend itself, does not delay the litigation or increase costs to any party. Plaintiffs have offered valid reasons for their request to proceed in pseudonym and there is no evidence of illegitimate motive.

IV.     CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that this Honorable Court enter the proposed order granting the following relief: (1) Plaintiffs shall proceed in pseudonym and the docket shall continue to reflect plaintiffs' names as John Doe and Jane Doe; (2) Plaintiffs shall be referred to by their pseudonyms in all depositions, pleadings and other documents related to this litigation and in all proceedings held before this Court; (3) Plaintiffs' identity shall be available to the attorneys of record and in-house counsel for the defendant, who shall not disclose or permit disclosure thereof, except to their law partners, associates and persons employed in the law offices of such attorneys, the employees of defendant who have knowledge of the facts alleged in the Complaint, outside consulting experts and their employees, a person whose deposition is to be taken in this action, but only to the extent necessary for the deposition, and any person who potentially possesses information that is relevant to plaintiffs' claims or defendant's defense; (4) Each person to whom Plaintiffs' identity is disclosed pursuant to this Order shall agree in advance that he or she will not disclose Plaintiffs' identity to any other person; (5) In the event defendant believes it is necessary in the defense of the claims herein for it to disclose Plaintiffs' identity to persons other than those specified in this Order, defendant shall communicate with plaintiffs' counsel and if agreement cannot be reached in writing, the matter shall be determined by the Court.

**FELDMAN, SHEPHERD, WOHLGELERNTER, TANNER, WEINSTOCK & DODIG**

 /s/ Peter M. Newman
MARK W. TANNER (Attorney ID 58738)
PETER M. NEWMAN (Attorney ID 66426)
1845 Walnut Street, 25th Floor
Philadelphia, PA 19103
215-567-8300
mtanner@feldmanshepherd.com
pnewman@feldmanshepherd.com

## **VERIFICATION**

I, Peter M. Newman, Esquire do hereby verify that the statements made in the foregoing Motion for Protective order and Leave to Proceed in Pseudonym are true and correct to the best of my knowledge, information and belief.

I understand that the statements in said Petition are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

    /s/ Peter M. Newman
PETER M. NEWMAN (Attorney ID 66426)
1845 Walnut Street, 25th Floor
Philadelphia, PA 19103
215-567-8300
pnewman@feldmanshepherd.com

## CERTIFICATE OF SERVICE

      I, Peter M. Newman, Esquire, hereby certify that a true and correct copy of the foregoing Motion for Protective Order and Leave to Proceed In Pseudonym was served in accordance with the Federal Rules of Civil Procedure upon the following:

United Behavioral Health
425 Market St., Fl. 27
San Francisco, CA 94105-2422

      /s/ Peter M. Newman
PETER M. NEWMAN (Attorney ID 66426)
1845 Walnut Street, 25th Floor
Philadelphia, PA 19103
215-567-8300
pnewman@feldmanshepherd.com