IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE AND JANE DOE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNITED BEHAVIORAL HEALTH | : | NO. 10-5192 |

**MEMORANDUM**

**Padova, J.**                                                                                                                  **December 10, 2010**

Plaintiffs, who are father and daughter, have sued United Behavioral Health ("UBH") for breach of contract and bad faith for refusing to cover Jane Doe's residential mental health treatment at the Austin Riggs Center on and after June 12, 2008 and for refusing to cover Jane Doe's inpatient substance abuse treatment at the Caron Center on and after December 7, 2008. Jane Doe suffers from Major Depressive Disorder, Generalized Anxiety Disorder, Obsessive Compulsive Disorder, and Borderline Personality Disorder. On October 5, 2010, the day after Plaintiffs filed their Complaint against UBH and before Defendant had been served with a copy of the Complaint, Plaintiffs filed a "Motion for Protective Order and Leave to Proceed in Pseudonym." We granted that Motion by Order dated October 6, 2010. UBH has filed a Motion for Reconsideration of the October 6, 2010 Order on the ground that the Does should not be permitted to proceed anonymously. For the following reasons, the Motion for Reconsideration is Denied.

The Complaint alleges that Jane Doe has been diagnosed with Major Depressive Disorder, Generalized Anxiety Disorder, Obsessive Compulsive Disorder, and Borderline Personality Disorder. The Complaint also alleges that Jane Doe has attempted suicide and has undergone both outpatient and residential psychiatric and psychotherapeutic treatment, and inpatient substance abuse treatment. Plaintiffs moved for a protective order and to proceed in pseudonym because Jane Doe

is presently attending college in Pennsylvania and fears that her professors and other students would treat her differently, and unfavorably, if they were aware of the details of her mental illness. She is also concerned that disclosure of her mental illness would affect her in the future and that the stigma associated with mental illness would negatively influence potential future employers.

We granted Plaintiffs' Motion for Protective Order and Leave to Proceed in Pseudonym after considering whether the Plaintiffs' interests in proceeding anonymously outweighed the public's right to access judicial proceedings using the balancing test set out in Doe v. Provident Life and Accident Ins. Co., 176 F.R.D. 464, 467-68 (E.D. Pa. 1997). We concluded that the public and private interests that favor allowing the Does to conduct this lawsuit anonymously outweigh the public interest in requiring them to identify themselves. Defendant asks that we reconsider our conclusion on the ground that the Does' interests in anonymity do not overcome the presumption of public access to their identities.

**I.     LEGAL STANDARD**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) (citation omitted). A motion for reconsideration will only be granted if the moving party establishes: (1) the existence of newly available evidence; (2) an intervening change in the controlling law; or (3) a need to correct a clear error of law or prevent manifest injustice. Pub. Interest Research Group v. Magnesium Elektron, Inc., 123 F.3d 111, 116-17 (3d Cir. 1997) (citation omitted). "Reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of judicial resources." Ehrheart v. Lifetime Brands, Inc., 98 F. Supp. 2d 756-57 (E.D. Pa. 2007) (quotation omitted). Defendant does not assert the existence of

newly available evidence, an intervening change in the controlling law, or the need to prevent manifest injustice. Consequently, we will consider whether our previous weighing of the factors favoring and disfavoring allowing Plaintiffs to proceed in pseudonym was a clear error of law.

## II. DISCUSSION

Defendant argues that the balancing test we used to decide Plaintiff's Motion for Protective Order and Leave to Proceed in Pseudonym does not actually weigh in favor of allowing Plaintiffs to proceed anonymously.[1] "[T[he public's . . . right of access should prevail unless [the party requesting pseudonymity] demonstrates . . . that his interests in privacy or security justify pseudonymity." Provident Life, 176 F.R.D. at 467 (second through fourth alterations in original) (quoting Joan Steinman, Public Trial, Pseudonymous Parties: When Should Litigants Be Permitted to Keep Their Identities Confidential?, 37 Hastings L.J. 1, 37 (1985)). In making this determination, we "weigh the private and public interests favoring pseudonymous litigation against the public interest in knowing the true identity of the parties." Id. (citing Steinman, *supra*, at 38-42). The Provident Life court determined that the following factors support the use of a pseudonym:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the

---

[1]Defendant also argues that we erred by granting the Motion for Protective Order and Leave to Proceed in Pseudonym without waiting fourteen days for Defendant to file a response thereto in accordance with Local Rule of Civil Procedure 7.1(c). Plaintiffs filed their Motion contemporaneously with the Complaint, in order to file the Complaint anonymously. They appeared, on the basis of their submissions, to satisfy the requirements for anonymous filing. To the extent that our decision to rule immediately, rather than wait for Defendant to accept service of the Complaint and retain counsel who could respond to the Motion, was in error, we have considered all of Defendant's arguments against granting the Motion and conclude that we would have granted the Motion even with the benefit of Defendant's arguments against doing so and that any such error was harmless.

> litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

Id. at 467-68 (citing Steinman, *supra*, at 38-41). The Provident Life court determined that the following factors weigh against the use of pseudonym:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

Id. at 468 (citing Steinman, *supra*, at 41-42).

    A.    <u>Factors Weighing in Favor of Allowing Plaintiffs to Proceed in Pseudonym</u>

The first factor is the extent to which Plaintiffs' identities have been kept confidential. Defendant argues that this factor does not favor anonymity because Plaintiffs names are disclosed in paragraphs 34, 59 and 70 of the Complaint. Plaintiffs, however, maintain that they have kept Jane Doe's history of mental illness confidential from all but her closest friends, family and treating physicians. They also state that the inclusion of their names in three paragraphs of the Complaint arose from an inadvertent mistake by their attorney, who will seek to correct his mistake by filing an amended complaint redacting Plaintiffs' names from those three paragraphs. "A court is more likely to grant pseudonymity if a party's anonymity has been preserved." Doe v. Megless, Civ. A. No. 10-1008, 2010 WL 3076246, at *3 (E.D. Pa. Aug. 5, 2010) (citing Provident Life, 176 F.R.D. at 468, and F.B. v. E. Stroudsburg Univ., Civ. A. No. 09-525, 2009 WL 2003363, at *3 (M.D. Pa.

4

July 7, 2009)). We conclude that Plaintiffs have attempted to keep their identities confidential and that this factor favors anonymity. See Provident Life, 176 F.R.D. at 468 (permitting plaintiff to proceed anonymously where he had requested confidentiality from defendant and had only disclosed his mental illness to his immediate family, medical providers and counsel); Doe v. Hartford Life & Accident Ins. Co., 237 F.R.D. 545, 550 (D.N.J. 2006) (finding that plaintiff's interest in remaining anonymous outweighed the public's interest in his identity where, prior to filing suit, plaintiff "only revealed his condition to a few close friends, family and his medical providers").

The second factor is Plaintiffs' reasons for seeking anonymity and whether those reasons are substantial. Plaintiffs stated in their Motion that Jane Doe wishes to proceed anonymously because she "fears that professors and other students would treat her differently and unfavorably if they knew the details of her mental illness[;] . . . [and] fears that disclosure of her history of mental illness will affect her in the future, and that the stigma associated with her mental illness, if disclosed in this litigation, will negatively influence her ability to enter the workforce." (Pls. Mot. ¶¶ 5-6.) Jane Doe is also concerned that "disclosure of her identity and history of mental illness would cause additional anxiety and stress and would aggravate her illness . . . ." (Id. ¶ 7.) As a consequence, "she will not pursue this litigation unless she and her father are permitted to proceed in pseudonym." (Id.) Defendant argues that the repercussions Jane Doe fears are insufficiently serious to weigh in favor of anonymity.[2]

---

[2]Defendant also suggests that, rather than proceeding anonymously, Plaintiffs could file information regarding the specifics of Jane Doe's mental illness and treatment under seal. However, allowing Plaintiffs to file information about Jane Doe's mental illness and treatment under seal in the future would not mitigate the stigma and stress that Plaintiffs fear would result from requiring them to identify themselves, as the Complaint itself contains considerable detail regarding Jane Doe's illness and treatment.

"Unfortunately, in our society, there is a significant stigma associated with being identified as suffering from a mental illness." Provident Life, 176 F.R.D. at 468. Jane Doe suffers from a severe mental illness and is concerned that the associated stigma will negatively affect her life both during her present college years and her future career. She is also concerned that the stress associated with disclosing her mental illness could make it worse. We conclude that Plaintiffs have asserted substantial reasons for wishing to proceed anonymously and that this factor weighs in favor of permitting them to do so. See Provident Life, 176 F.R.D. at 468 ("Doe fears that if others, such as his friends and business associates, learn of his psychiatric problems he will be stigmatized in the community. Doe's fear is not unfounded."); Hartford, 237 F.R.D. at 550 (concluding that this factor weighed in favor of allowing plaintiff to proceed anonymously where his mental illness was severe and "he has articulated concerns that disclosure of his real name will aggravate his condition and result in greater anxiety and stress-concerns . . . [and] a risk of stigmatization is possible if [p]laintiff comes out as a bipolar sufferer both in [p]laintiff's community and in his career").

The third factor is the public's interest in permitting Plaintiffs to proceed in pseudonym. Defendant argues that there is no substantial public interest in maintaining Plaintiffs' anonymity. However, the courts that have considered this issue have found that there is "substantial public interest" in maintaining the anonymity of a mentally ill plaintiffs. Provident Life, 176 F.R.D. at 468. As the Hartford court stated:

> there is substantial public interest in ensuring that cases like the Plaintiff's are adjudicated and the rights of mental illness sufferers are represented fairly and without the risk of stigmatization. However, this goal can not be achieved if litigants suffering from mental illness are chilled from ever reaching the courthouse steps for fear of repercussions that would ensue if their condition was made public.

Hartford, 237 F.R.D. at 550. We conclude that this factors weighs in favor of allowing Plaintiffs to proceed in pseudonym.[3]

The fourth factor is whether Plaintiffs' claims are purely legal in nature, thus weakening the public's interest in knowing their identifies. Defendant argues that the claims in this case are fact sensitive and Plaintiffs have not disagreed with that assessment. We conclude that this factor weighs in favor of not allowing Plaintiffs to proceed in pseudonym.

The fifth factor is whether Plaintiffs will refuse to pursue this litigation if they are required to publically identify themselves. Jane Doe has advised her attorney that she will not pursue this action if she and her father cannot proceed in pseudonym. (Pls. Mem. at 6.) Plaintiffs have not asserted that John Doe would also withdraw his claims if he were publically identified. Defendants, therefore, have asked that John Doe be identified even if Jane Doe is permitted to proceed in pseudonym. John and Jane Doe, however, share a last name, and Jane Doe fears that she would be identified if her father is required to publically identify himself. (Id.) We find that Jane Doe's fear is reasonable and conclude that this factor weighs in favor of allowing both Plaintiffs to proceed in pseudonym.

The sixth factor is whether Plaintiffs seek to proceed anonymously out of illegitimate ulterior motives. Defendants do not accuse Plaintiffs of illegitimate ulterior motives and we conclude that this factor weighs in favor of allowing Plaintiffs to proceed in pseudonym.

---

[3]Defendant also argues that allowing Plaintiffs to proceed in pseudonym in this case would open the door to requests for anonymity whenever emotional distress or mental illness is mentioned in a complaint. We disagree. While all plaintiffs risk embarrassment when they make details of their private life public in a lawsuit, "the situation here is vastly different because [Jane Doe's mental illness] is directly tied to the subject matter of the litigation – [her] mental illness and the [insurance] benefits [she] allegedly is entitled to as a mental illness sufferer." Hartford, 237 F.R.D. at 550.

B. Factors Weighing Against Allowing Plaintiffs to Proceed in Pseudonym

The first factor is the degree of public interest in the Plaintiffs' identities. There is a general public interest, in all actions, in the names of litigants. See Provident Life, 176 F.R.D. at 469. We conclude, therefore, that this factor weighs against allowing Plaintiffs to proceed in pseudonym.

The second factor is whether there is any additional public interest in the Plaintiffs' identities, due to either the subject matter of the litigation or Plaintiffs' status as public figures. We have not been given any information that would indicate that Plaintiffs are public figures or that this action would be of more interest to the public than any other insurance coverage dispute. We conclude, accordingly, that this factor does not weigh against allowing Plaintiffs to proceed in pseudonym.

The third factor is whether Defendant's opposition to Plaintiffs' remaining anonymous is illegitimately motivated. We have no reason to believe that Defendant's opposition to Plaintiffs proceeding anonymously is illegitimately motivated. We conclude that this factor weighs against allowing Plaintiffs to proceed in pseudonym.

The factors that weigh against allowing Plaintiffs to remain anonymous – the fact that their claims are fact sensitive, Defendant's lack of an illegitimate motive, and the public's general interest in knowing the identities of litigants – are weak in comparison to the factors favoring anonymity – the extent to which Jane Doe has kept her identity confidential, Plaintiffs' reasons for seeking anonymity, the public's interest in allowing them to remain anonymous, the absence of any heightened public interest in Plaintiffs' identities, and the undesirability of Plaintiffs withdrawing their claims to protect their anonymity. Weighing all of the Provident Life factors, we therefore conclude that the majority of these factors strongly favor allowing Plaintiffs to proceed in pseudonym.

## III. CONCLUSION

We have considered all of Defendant's arguments with respect to the application of the Provident Life factors to Plaintiffs' request to proceed in pseudonym and we have concluded that those factors favor allowing Plaintiffs to maintain this action anonymously. We further conclude, accordingly, that we did not commit a clear error of law in granting Plaintiffs' "Motion for Protective Order and Leave to Proceed in Pseudonym." Defendant's Motion for Reconsideration is, therefore, denied.

BY THE COURT:

/s/ John R. Padova

John R. Padova, J.